## McDUFFIE, administrator, *vs.* STEWART & FOUNTAIN, for another.

Where the issue was one of fact only, and there is ample testimony to justify the verdict, a new trial should not be granted.

*Scire Facias* to Revive Judgment, in Marion Superior Court. Tried before Judge WORRILL, March Term, 1860.

This was a *scire facias* to revive judgment by Stewart & Fountain, for the use of Charles D. Stewart, against George McDuffie, administrator *de bonis non* of Benjamin Story, deceased.

The defendant showed for cause why said judgment should not be revived—

1st. Because the same had been fully paid off and satisfied by the said Benjamin, in his lifetime, to the sheriff of Marion county, or the plaintiff, to-wit: in September, 1845.

2d. Because, if not paid off, execution on said judgment had been sued out and is now outstanding and in force by reason of the entries and returns thereon.

3d. Because more than seven years have elapsed since the rendition of said judgment, and if no execution has heretofore been sued out thereon, the same is, by Act of 1856, to be presumed and held fully paid off and satisfied.

4th. Because *scire facias* was heretofore sued out, in 1851, against the then administrator of Benjamin Story, deceased, and the same was dismissed and plaintiffs non-suited, and having failed to recover the same within six months thereafter, the plaintiffs are thereby perpetually barred by the statute.

At the trial, plaintiffs offered and read in evidence copies of the original writ and process, and service thereof by the sheriff, and copies of the confession of judgment made by defendant's (there being two defendants in the original suit, Benjamin Story and Enoch Story,) confession made at November Term, 1843, of the Inferior Court of Marion county, for $240 64, with interest and cost of suit; which copies were established by order of the Court at May Term, 1851, in lieu of the original, which had been destroyed by the burning of the Court-house.

Plaintiffs then proved by the Clerk of the Inferior Court, that he was acting Clerk, and had been for several years; that he had often examined the papers of file in his office, and had never seen any *fi. fa.* in said case; that if any such paper had been in the office, he probably would have seen it.

Plaintiffs here closed.

Defendants then proved that Benjamin Story had considerable property about him in his lifetime; that he owned about 300 acres of land, and had several negroes, and that judgments to the amount of four or five hundred dollars might have been made out of him.

*Cross-examined:* Benjamin Story, in his life-time, made over to his son, F. P. W. Story, several negroes; that his son was a single man, and off at the time attending lectures; that the negroes thus made over to him remained at his father's, and were not taken away; Benjamin Story died in 1847, leaving two or three thousand dollars worth of property, which was distributed among his heirs-at-law. Defendants further proved, that there was a receipt among the papers of Benjamin Story, purporting to have been given by the former Clerk of the Inferior Court of said county to said Benjamin for the costs in said case.

The jury found for the defendants; whereupon, counsel for plaintiff moved for a new trial on the following grounds:

1st. Because the verdict was contrary to law.

2d. Because the verdict was contrary to the evidence.

3d. Because the verdict was contrary to the charge of the Court.

After argument, the presiding Judge granted the motion and ordered the new trial; whereupon, counsel for defendants excepted.

BLANDFORD & CRAWFORD, for plaintiff in error.

MILLER; JOHNSON & SLOAN, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

It is not complained that this case was not fairly submitted to the jury. And in the exercise of their undoubted right, they found the judgment satisfied, which is sought to be renewed. To justify granting a new trial, that verdict should have been strongly and decidedly against the weight of the evidence. So far from this being so, we must say, that, in our opinion, the preponderance of proof is in favor of the finding.

The plaintiff may not have been paid; but to have stood by for so many years, both before and after the death of the defendant, witnessed the division of his property amongst his family, and made no attempt to collect this debt until the judgment was dead, until eleven years after the defendant's death, requires some explanation; and then, too, there are several payments by the sheriff to the plaintiff—the receipt of the cost by the Clerk, etc. Surely the jury had a right to presume that the debt was discharged.